IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

STEVE WARD

VS.                                                                    CIVIL ACTION NO. 2:08CV177-DAS

TUNICA COUNTY BOARD OF
SUPERVISORS, ET AL.

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants for summary judgment (# 24). After considering the motion and the response thereto, the court finds as follows:

## I. FACTS

The plaintiff, Steve Ward, is a bail bondsman licensed by the State of Mississippi to write bail bonds. In January 2004, the defendant, Sheriff K.C. Hamp, placed Ward on the list of approved bonding agents for Tunica County. In late August or early September 2005, during a meeting of the Board of Supervisors, Ward attempted to serve process on Sheriff Hamp in *Harris v. Tunica County and Tunica County Sheriff's Dept.* Sheriff Hamp refused to accept service. Later in September 2005, Sheriff Hamp suspended Ward's privileges pending an investigation to determine whether Ward violated state law by recommending particular lawyers to arrestees. While speaking to an arrestee during a recorded conversation, Ward recommended the services of Stan Little, who he described as a "good friend" and "the best attorney that we've got here in Tunica . . . ." Ward told another arrestee, "if your person on the outside helping you will get in touch with me, I'll put him in touch with an attorney . . . ." Section 83-39-27 of the Mississippi Code expressly provides that a bondsman shall not "[s]pecify, suggest, or advise the employment

1

of any particular attorney to represent his principal." Miss. Code Ann. § 83-39-27 (2009). After investigating the matter, the internal affairs division of Tunica County concluded that Ward violated section 83-39-27. Subsequently, on October 10, 2005, Sheriff Hamp permanently suspended Ward from writing bail bonds in Tunica County.

On July 28, 2008, the plaintiff filed the present action against the Tunica County Board of Supervisors in their official capacities; Cedric Burnett, the president of the Board of Supervisors in his official capacity, Sheriff Hamp in his official capacity and in his personal capacity; and George Walker, director of internal affairs in his official capacity. The complaint charges the defendants with:

> [T]ortious interference with contract; taking of property without compensation or due process of law in contravention of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the U.S. Constitution; a violation of Equal Protection in contravention of 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution and an unlawful preference of persons by race, constituting a violation of Title VII, Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.*

The defendants have now filed the present motion for summary judgment, and the court finds the motion to be well taken.

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court "view[s] the evidence in the light

most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005).

### 1. DUE PROCESS

The bulk of the defendants' motion and the plaintiff's response concerns the plaintiff's argument that by revoking his ability to write bail bonds the defendants took his property without due process of law. Procedural Due Process "imposes constraints on governmental decisions that deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). When a property interest is taken, "some form of hearing is required" before a final deprivation of the interest. *Id.* It is undisputed that the plaintiff was not afforded a hearing before Sheriff Hamp revoked his ability to write bonds in Tunica County. The question therefore before the court is whether the plaintiff's ability to write bail bonds in Tunica County is a property right within the meaning of the Due Process Clause.

In their motion, the defendants refer mainly to three cases: *Richards v. City of Columbus*, No. 92-7359, 1993 WL 413911 (5th Cir. Oct. 12, 1993); *Baldwin v. Daniels*, 250 F.3d 943 (5th Cir. 2001); and *The Hampton Co. Nat'l Sur., LLC, et al. v. Tunica County, et al.*, 543 F.3d 221 (5th Cir. 2008). After reviewing those cases, the court finds the facts from each almost identical to those presented here. Indeed, the *Hampton* case involves Sheriff Hamp himself. Along with the Mississippi Supreme Court's recent decision in *Tunica County v. Hampton Co. Nat. Sur., LLC*, No. 2008-CA-00756-SCT, 2009 WL 1232704 (Miss. May 7, 2009), it is clear these cases stand for the proposition that the State of Mississippi does not recognize a property right to write bail bonds in a particular county, and thus, the plaintiff had no constitutional right to a due

process hearing before having his privileges revoked in Tunica County.

### Sheriff Hamp

With respect to whether Sheriff Hamp is entitled to qualified immunity, the court applies a two-part test: First, the court determines, viewing the summary judgment evidence in the light most favorable to the plaintiff, whether some evidence supporting the violation of a constitutional right exists. *Saucier v. Katz*, 533 U.S. 194, 199 (2001). Second, the court asks whether "the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007). In *Hampton* the Fifth Circuit found the sheriff entitled to qualified immunity because his actions were not objectively unreasonable in light of the clearly established law at that time. *Hampton*, 543 F.3d at 226. That clearly established law had been provided by the *Baldwin* decision in which the Fifth Circuit held "the ability of a bail bondsman to have bonds accepted in a particular county is not a property or liberty right protected by the Fourteenth Amendment." *Baldwin*, 250 F.3d at 946. It is important to note, however, that whether a property right exists is controlled by state law, and the Mississippi Supreme Court had never decided the particular issue before the Fifth Circuit faced the issue in *Hampton*. *Baldwin* had been decided pursuant to an *Erie* guess, and the court found this sufficient to support Sheriff Hamp's actions at the time. However, when the Fifth Circuit decided *Hampton*, the Mississippi Supreme Court had the issue before it. Consequently, the Fifth Circuit made no decision as to whether Tunica County faced liability.

### Tunica County

Unlike Sheriff Hamp, a local governmental entity does not receive the protection afforded by qualified immunity, and thus, could not be protected by actions found not to be objectively

4

unreasonable in light of clearly established law at the time of the conduct in question . Instead, "municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In *Hampton*, because the Fifth Circuit was uncertain whether state law conferred a property right on a bail bondsman to write bonds in a particular county, they reversed the district court's decision granting summary judgment in favor of the county and remanded the proceedings to the district court to "proceed in the most efficient manner." *Hampton* 543 F.3d at 228. Shortly after the Fifth Circuit's decision, the Mississippi Supreme Court decided the companion case, *Tunica County v. Hampton Co. Nat. Sur., LLC*, No. 2008-CA-00756-SCT, 2009 WL 1232704 (Miss. May 7, 2009). In that decision, the supreme court held specifically that a sheriff had the "discretion to determine whether to accept or reject bonds tendered within his county . . . ." *Hampton*, 2009 WL 1232704 at * 5. In other words, the State of Mississippi does not recognize a property right to write bail bonds in a particular county, and thus, the plaintiff in *Hampton* had no constitutional right to a due process hearing before having his privileges revoked in Tunica County. Consequently, Tunica County was entitled to summary judgment in the *Hampton* matter just as was Sheriff Hamp.

It follows, therefore, that the plaintiff in the present case had no right to a due process hearing before having his privileges revoked by Sheriff Hamp in Tunica County. In an attempt to differentiate his case from those cited *supra*, the plaintiff argues that based on the actions of Sheriff Hamp, his right to write bail bonds in the *entire state* was suspended by the Department of Insurance. Specifically, the plaintiff writes: "At the direction of Sheriff Hamp, Mr. Ward's

5

application for renewal was then put on hold by the Department of Insurance . . . ." However, there is nothing before the court to support this position. It is clear that Sheriff Hamp informed the Department of Insurance of the facts supporting his decision, but as Sheriff Hamp stated, "[i]f they wanted to give Mr. Ward a hearing, then it was in their hands." The court agrees. There is nothing before the court, statutorily or otherwise, to support the proposition that Sheriff Hamp had any authority whatever to suspend the plaintiff's ability to write bail bonds anywhere other than Tunica County. Moreover, as a matter of public policy, this court finds it counterintuitive to make a decision that would subject a sheriff to liability for reporting wrongdoing when the Fifth Circuit has made it clear he is immune from such liability when he does not report it. Accordingly, the court finds there is no genuine issue of material fact as to this issue, and summary judgment is appropriate as to the claims made against both Sheriff Hamp and Tunica County.

## 2. TITLE VII

With their motion, the defendants argue that the plaintiff was an independent contractor for American Bonding Company and was never an employee of the defendants. Consequently, the defendants, argue, "Plaintiff cannot establish liability under Title VII, 42 U.S.C.A. § 2000, and Defendant is entitled to summary judgment." *See Diggs v. Harris Hospital – Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988) (holding Title VII claim must "necessarily involve an employment relationship"). The plaintiff does not respond to this argument, and thus, the court finds he abandoned the claim. Accordingly, the court finds summary judgment appropriate.

## 3. EQUAL PROTECTION

In his complaint, the plaintiff alleges "reverse racial discrimination" in contravention of

the Equal Protection Clause of the Fourteenth Amendment. "In order to state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Id.*

With their motion for summary judgment, the defendants contend there is no evidence that the removal from the approved list of bail bondsmen had anything to do with race. In response, the plaintiff fails to point to any evidence to refute the defendants' contention. Speaking to race, the plaintiff writes only, "it must be noted that Mr. Ward was only [sic] of a few Caucasians on the bail bondsmen registry." Certainly such a response with no reference to any evidence before the court is insufficient to defeat summary judgment. Aside from simple conclusory statements, the plaintiff has provided nothing at all to show he received "treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th cir. 2001).

## 4. TORTIOUS INTERFERENCE WITH CONTRACT

Next, the defendants argue the plaintiff's claim for tortious interference with contract fails because such a claim falls under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9. They argue that a governmental entity and its employees are immune from liability "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused." Miss. Code Ann. § 11-46-9.

As discussed *supra*, a sheriff possesses discretionary authority to accept or refuse a bail bond tendered by a duly licensed limited surety agent. Therefore, the defendant's argue that Sheriff Hamp's decision to refuse bonds written by the plaintiff was an exercise of his discretionary authority, and they are thus exempt from liability under the Mississippi Tort Claims Act. The plaintiff did not respond to the motion for summary judgment as to his claim for tortious interference with contract, and therefore, the court finds he abandoned the issue.

### 5.  RETALIATION

To state a valid claim for retaliation under § 1983, the Fifth Circuit requires a plaintiff to allege: (1) a specific constitutional right; (2) the defendant's intent to retaliate *for the exercise of that right*; (3) a specific retaliatory adverse act; and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In his response to the present motion, the plaintiff argues: "Mr. Ward has stated a bail bondsmen's (sic) interest in writing bonds is a constitutionally protected right therefore, Mr. Ward has adequately alleged a claim for retaliation." As the defendants point out, Mr. Ward misunderstands the law. If his "right" to write bonds was the constitutional right at issue with respect to his retaliation claim, then his claim certainly fails. There is no evidence anywhere that Sheriff Hamp or any other defendant retaliated because the plaintiff wrote bail bonds. Moreover, as discussed extensively *supra*, the State of Mississippi does not recognize a property right to write bail bonds in a particular county, and thus, the plaintiff's interest in writing bonds in Tunica County is not a constitutionally protected right.

It appears clear the plaintiff attempted to allege a claim for retaliation based on the events surrounding his attempt to serve Sheriff Hamp with process in late August or early September 2005 during a meeting of the Board of Supervisors. However, the plaintiff has provided no

authority to show that effecting service of process is a constitutionally protected right. Because the Fifth Circuit requires a plaintiff to identify a specific constitutional right to state a valid claim for retaliation under § 1983, this court finds the defendant's motion for summary judgment is well taken. *See Breeden v. University of MS. Medical Center*, 241 F. Supp. 2d 668, 675 (S.D. Miss. 2001).

### III.  CONCLUSION

The plaintiff filed the present action against the Tunica County Board of Supervisors in their official capacities; Cedric Burnett, the president of the Board of Supervisors in his official capacity, Sheriff Hamp in his official capacity and in his personal capacity; and George Walker, director of internal affairs in his official capacity. The plaintiff alleged violations of the Due Process Clause, the Equal Protection Clause, and Title VII of the Civil Rights Act, along with claims for tortious interference with contract and retaliation. After considering the matter and all evidence before it, the court finds no genuine issue of material fact exists. Accordingly, the defendants' motion for summary judgment shall be granted as to all claims.

A judgment in accordance with this opinion will issue this day.

This, the 22nd day of December 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE